FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
<u>MIDDLE DIVISION</u>

00 JUN 20 PM 3: 12

U.S. DISTRICT COURT
N.D. OF ALABAMA

JOE STANLEY GREGO, III, a minor, by and )
through his father and next friend, )
JOE STANLEY GREGO, II, )
                              )
        Plaintiffs, )
                              )
v.                         ) CIVIL ACTION NO. 99-PWG-2111-M
                              )
CROSMAN CORPORATION, ET AL., )
                              )
        Defendants. )

**ENTERED**

JUN 2 0 2000

<u>MEMORANDUM OF OPINION</u>

This matter is before the undersigned magistrate judge on the motions for summary judgment filed by defendants Sears Roebuck & Company (Sears) and Crosman Corporation (Crosman). (Documents #12 and #15).[1] The parties have consented to the magistrate judge's jurisdiction pursuant to 28 U.S.C. § 636(c).

Summary judgment is appropriate only if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Rule 56, *Federal Rules of Civil Procedure.* In making that assessment, the court must view the evidence in a light most favorable to the non-moving party and must draw all reasonable inferences against the moving party. *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986). The burden of proof is upon the moving party to establish his prima facie entitlement to summary judgment by showing the absence of genuine issues and that he is due to prevail as a matter of law. *See Clark v. Coats & Clark, Inc.,* 929 F.2d 604 (11th Cir. 1991). Once that initial burden has been carried, however, the non-moving party may not merely rest upon his pleading, but must come forward with evidence supporting each essential element of his claim. *See Celotex Corp. v. Catrett,* 477

---

[1]      Plaintiffs' counsel has not filed a brief in opposition to the motions for summary judgment.



U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Barfield v. Brierton*, 883 F.2d 923 (11th Cir. 1989).  Unless the plaintiffs, who carries the ultimate burden of proving his action, is able to show some evidence with respect to each element of his claim, all other issues of fact become immaterial and the moving party is entitled to judgment as a matter of law.  *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Bennett v. Parker*, 898 F.2d 1530 (11th Cir. 1990).  As the Eleventh Circuit has explained:

> Facts in dispute cease to be "material" facts when the plaintiff fails to establish a prima facie case.  "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." [Citation omitted].  Thus, under such circumstances, the public official is entitled to judgment as a matter of law, because the plaintiff has failed to carry the burden of proof.  This rule facilitates the dismissal of factually unsupported claims prior to trial.

898 F.2d at 1532.

Undisputed Facts

This case arises from an incident that occurred on or about July 8, 1997.  Plaintiff, Joe Stanley Grego, II, claims that, while he was attempting to disassemble a Crosman model 766 air rifle, the air rifle discharged a pellet that struck his son, Joe Stanley Grego, III, in the chest.  Plaintiffs assert claims against defendants for violations of the Alabama Extended Manufacturer's Liability Doctrine (AEMLD), negligence or wantonness, breach of express warranties, breach of implied warranties, and breach of contract.

At the time of the accident, plaintiff had disassembled the air rifle.  Specifically, plaintiff had removed screws and loosened the case when the gun discharged and a pellet struck minor plaintiff in the chest.

The Crosman model 766 air rifle was manufactured on October 6, 1977, by Crosman Arms Co., then an unincorporated division of The Coleman Company, Inc., a Kansas corporation, now known as New Coleman Holdings, Inc.

The air rifle included an instruction booklet which contained several warnings, including the following:  the gun was not a toy and could cause death or injury; the gun should always be "ON SAFE" until time to fire; every gun should be treated as if it were loaded; and the gun should not be shot in an unsafe direction.

Plaintiffs have not disclosed any expert witness.

AEMLD Claims

The AEMLD is a judicially created products liability doctrine. *Atkins v. American Motors Corp.*, 335 So.2d 134 (Ala. 1976).  In order to establish liability under the AEMLD, the plaintiffs must show all of the following elements: (1) that he suffered injury or damages to himself or his property; (2) by one who sells a product; (3) in a defective condition unreasonably dangerous to the plaintiff as the ultimate user or consumer; (4) that the seller was engaged in the business of selling such a product; and (5) that the product was expected to, and did, reach the user without substantial change in the condition in which it was sold.  *Halsey v. A.B. Chance Co.*, 695 So.2d 607, 608 (Ala. 1997); *Casrell v. Altec Industries, Inc.*, 335 So.2d 128, 132-33 (Ala. 1976).  In cases where the allegedly defective product is technical, complex and beyond the understanding of the ordinary layman, expert testimony is required to prove a defect under the AEMLD.  *Townsend v. General Motors Corp.*, 642 So.2d 411, 415 (Ala. 1994).

Defendant Crosman has presented undisputed expert testimony that the Crosman model 766 air rifle was not defectively designed, and this particular Crosman model 766 air rifle, serial #107712712, was not defective. (Mussack Affidavit., ¶¶ 9, 14).  Plaintiffs have not disclosed any expert

3

witnesses.  Because the undisputed expert evidence is that the rifle was not defective, defendants Crosman and Sears are entitled to summary judgment.

Plaintiffs have also failed to establish that the air rifle was not altered in the 20 years before the accident.  In order to maintain a claim under the AEMLD, a plaintiff must show that the product was substantially unaltered when the plaintiff used it.  *Caudle v. Patridge*, 566 So.2d 244, 247 (Ala. 1990); *Sears, Roebuck & Co. v. Haven Hills Farm, Inc.*, 395 So.2d 991, 995 (Ala. 1981).  Because plaintiffs have also failed to show an essential element of his AEMLD claim, that the air rifle was not altered before the accident, defendants Crosman and Sears are entitled to summary judgment on plaintiffs' AEMLD claim.

Negligence and wantonness claims

Plaintiffs' negligence and wantonness claims seek to impose liability on the ground that minor plaintiff's injuries were caused by the unreasonably dangerous and defective condition of the air rifle.  Under Alabama law, plaintiffs' negligence and wantonness claims merge with his AEMLD cause of action.  *See Veal v. Teleflex, Inc.*, 586 So.2d 188, 190-91 (Ala. 1991); *Casrell*, 335 So.2d at 131-32.

Express warranty claim

The only express warranty for the air rifle was for 90 days.  (Mussack Affidavit).  This air rifle was manufactured in 1977; however, plaintiffs state that the air rifle is twelve-years old.  The incident was alleged to have occurred on July 8, 1997.  The "Limited 90 Day Warranty" clearly expired years before the accident made the basis of this lawsuit.  Therefore, defendants Crosman and Sears are entitled to summary judgment on the issue of breach of express warranty.

Implied warranty claims

Plaintiffs' implied warranty claims are based upon a purported defect in the air rifle which rendered it unreasonably dangerous.  The Alabama Supreme Court has held that such claims are

4

restricted to an action under AEMLD as opposed to Alabama's commercial code. *Shell v. Union Oil Co.*, 489 So.2d 569, 571-72 (Ala. 1986); *Yarbrough v. Sears, Roebuck and Co.*, 628 So.2d 478, 483 (Ala. 1993).

Even if plaintiffs could sue under the UCC's implied warranties, the implied warranties were expressly limited to a period of one year by the warranty. (See Mussack Affidavit; exhibit 2). Assuming the air rifle was twelve years old, the implied warranties have not been applicable for at least 11 years. Therefore, Sears and Crosman are entitled to summary judgment on the implied warranties claims.

Breach of contract claims

The only contract which could have possibly existed between Crosman and the plaintiffs was the written warranty which accompanied the air rifle and which had expired prior to the accident. Plaintiffs have failed to identify the existence of any other contract. Further, plaintiffs have not identified any contract which existed between plaintiffs and Sears. Accordingly, Sears and Crosman are entitled to summary judgment on plaintiffs' breach of contact claim.

Based on the foregoing, defendants' motions for summary judgment (document #12 and #15) are due to be GRANTED in their entirety.

A separate final judgment consistent with this memorandum of opinion will be entered simultaneously herewith.

As to the foregoing it is SO ORDERED this the 20th day of June, 2000.

_____
PAUL W. GREENE
UNITED STATES MAGISTRATE JUDGE

5